[Cite as *State v. McClain*, 2013-Ohio-2436.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF ASHLAND | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12-COA-044 |
| EVERETTE C. MCCLAIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland Municipal Court,
                              Case No. 12-CRB-1047AB

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       June 6, 2013

APPEARANCES:

For Appellant:                      For Appellee:
THOMAS L. MASON                     DAVID R. STIMPERT
Mason, Mason & Kearns               Assistant Law Director
Post Office Box 345                 Ashland Law Director's Office
153 West Main Street                1213 E. Main Street
Ashland, OH 44805                   Ashland, OH 44805

*Baldwin, J.*

{¶1} Appellant Everette C. McClain appeals a judgment of the Ashland Municipal Court convicting him of possession of marijuana in violation of Ashland City Ordinance 513.03(C)(2) upon a plea of no contest. Appellee is the City of Ashland.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} On August 31, 2012, appellant and his girlfriend, Penny Brown, drove from their apartment in Shelby, Ohio, to their apartment in Ashland. They went out drinking, and had an argument. Brown, who was intoxicated, walked home and fell asleep.

{¶3} Patrolman John Simmons of the Ashland Police Department was working routine patrol during the morning of September 1, 2012. He had been briefed from the midnight shift that officers had responded to a complaint from Penny Brown concerning appellant, and Brown did not want appellant coming back to her apartment.

{¶4} At 7:01 a.m., Brown called the police to report that appellant was trying to enter her apartment. Appellant called police shortly after Brown because he wanted his property back from Brown. When police arrived, appellant wanted his clothes and his cell phone charger from Brown's apartment. She would not give him his things until he gave her back her house keys, which she eventually discovered he did not have. Ptl. Simmons told appellant that if he came back to Brown's apartment, he would be arrested. Appellant told police he had a friend who lived around the corner and he would walk to his friend's house and then return to Shelby.

{¶5}   At 8:37 a.m., Brown called police to report that appellant was trying to kick in a window.  When police arrived, appellant was walking away from Brown's apartment.  He told police he was not on her property and was going for a walk.  Ptl. Simmons wanted to talk to both appellant and Brown, but could not keep an eye on both of them by himself, so he decided to place appellant in his police cruiser.  Before putting appellant in the cruiser, he patted appellant down for weapons.  He removed two packages of cigarettes and a lighter from appellant's pocket and placed the items in the inside door pouch of the cruiser. The cruiser had only been in service for two days, and Simmons did not want appellant smoking inside.

{¶6}   Upon arriving at Brown's house, she showed Simmons where appellant had opened a window and trampled the grass.  She told Simmons that she would not be able to sleep knowing appellant was outside, and asked that he be arrested. Simmons placed appellant in handcuffs, informed him that he was under arrest for persistent disorderly conduct, and transported appellant to the jail.  On the way to the jail, Simmons opened the cigarette packets as a part of his inventory procedure and found marijuana in one of the packets.

{¶7}   Appellant was charged with possession of marijuana in violation of Ashland Ordinance 513.03(C)(2) and persistent disorderly conduct in violation of R.C. 2917.11(A)(5).   Appellant moved to suppress the cigarette packets in which the marijuana was found.  The court overruled the motion.  Appellant entered a plea of no contest to possession of marijuana.  The charge of persistent disorderly conduct was nolled by the prosecutor.  He was found guilty and sentenced to 30 days incarceration. He assigns a single error on appeal:

{¶8}  THE TRIAL COURT ERRED BY OVERRULING THE APPELLANT'S MOTION TO SUPPRESS WHERE THE ARRESTING OFFICER'S SEARCH OF THE APPELLANT EXCEEDED THE SCOPE OF THAT PERMITTED PRIOR TO AN INVESTIGATORY DETENTION.

{¶9}  In his sole assignment of error, appellant argues that the officer could not search appellant and remove the cigarette packs during the investigatory detention prior to his arrest.

{¶10} The Ohio Supreme Court has held that during a routine traffic stop, it is unreasonable for an officer to search the driver for weapons before placing him or her in a patrol car, if the sole reason for placing the driver in the patrol car during the investigation is for the convenience of the officer. *State v. Lozada*, 92 Ohio St. 3d 74, 77, 748 N.E.2d 520, 524 (2001).  In the instant case, while not a traffic stop, it is apparent that the officer placed appellant in the cruiser for his own convenience while he investigated the call from Brown.  Ptl. Simmons testified at the suppression hearing that he was the only officer on the scene at the time, and he placed appellant in the cruiser so he could keep an eye on appellant while talking to Brown.  Because appellant was placed in the cruiser for the officer's convenience, the officer did not automatically have the right to pat appellant down for weapons.

{¶11} Once a lawful stop has been made, a police officer may conduct a limited protective search for concealed weapons if the officer reasonably believes that the suspect may be armed or a danger to the officer or to others. *State v. Evans*, 67 Ohio St.3d 405, 408, 618 N.E.2d 162 (1993). To justify a patdown search, "[t]he police officer must be able to point to specific and articulable facts which, taken together with

rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio,* 392 U.S. 1, 21 (1968). However, "[t]he officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* at 27. Under the plain feel doctrine, an officer conducting a patdown for weapons may lawfully seize an object if he has probable cause to believe that the item is contraband. *Minnesota v. Dickerson,* 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).The "incriminating character" of the object must be "immediately apparent," meaning that the police have probable cause to associate an object with criminal activity. *State v. Buckner,* 2nd Dist. No. 21892, 2007–Ohio–4329.

{¶12} The officer did not testify to any facts that would lead him to believe that appellant was armed. Further, the officer did not testify that he believed the cigarette packs to be a weapon or contraband. The officer testified that he removed the cigarettes for the sole reason that he did not want appellant smoking in his new police cruiser. The officer was not constitutionally permitted to remove the cigarette packs from appellant's pocket at this stage of the investigation.

{¶13} Under the inevitable discovery rule, illegally obtained evidence is properly admitted in a court proceeding once it is established that the evidence would have been ultimately or inevitably discovered during the course of a lawful investigation. *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).

{¶14} Appellant was arrested for persistent disorderly conduct before the officer opened the cigarette package and thus before the officer was aware that the package contained marijuana. The officer testified that he inventories an arrested

person's property before taking him to the jail and giving the property to the jail because he wants to make sure that there is nothing in the property that could be harmful to the employees at the jail. Tr. 52. During the course of this inventory, he discovered the marijuana in the cigarette package. According to the officer's testimony, had he not removed the cigarette packages from appellant prior to placing him in the cruiser, he would have discovered the cigarette packages and the marijuana prior to delivering appellant to the jail because he would have inventoried his property after his arrest but before he released him to the jail. Therefore, the marijuana would have been discovered during this inventory search and is admissible under the inevitable discovery rule.

{¶15} Appellant argues in his brief that the arrest for persistent disorderly conduct is "difficult to justify" because appellant had not been charged with disorderly conduct prior to the arrest for persistent disorderly conduct. Appellant argues that disorderly conduct is only a minor misdemeanor, for which he could not be arrested. R.C. 2917.11(E)(3)(a) provides that disorderly conduct is a fourth degree misdemeanor if "[t]he offender persists in disorderly conduct after reasonable warning or request to desist." Prior to his arrest, police had responded to several calls from Brown concerning appellant's attempts to gain entry into her apartment, and appellant had been warned that he would be arrested if he came back. The officer had probable cause to arrest appellant for persistent disorderly conduct when he received another call about appellant attempting to kick in the window of Brown's apartment roughly ninety minutes after he had been warned.

{¶16} The assignment of error is overruled.  The judgment of the Ashland Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY

rad/CRB